UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. JOHN HOSPITAL-MACOMB,

    Plaintiff,

v.

AUTO CLUB INSURANCE ASSOCIATION
and BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

    Defendants;

and

DIANE TEGO,

    Plaintiff,

v.

AUTO CLUB INSURANCE ASSOCIATION,
BLUE CROSS AND BLUE SHIELD OF
MICHIGAN, and ST. JOHN HOSPITAL-
MACOMB.

    Defendants.
_____/

Case No. 04-73407
(Consolidated with 04-75097)

Honorable Nancy G. Edmunds

**ORDER DENYING WITHOUT PREJUDICE DIANE TEGO'S MOTION FOR SUMMARY JUDGMENT [11]; DENYING WITHOUT PREJUDICE BLUE CROSS AND BLUE SHIELD OF MICHIGAN'S MOTION FOR SUMMARY JUDGMENT [13]; AND ORDERING FURTHER BRIEFING ON ERISA ISSUE**

    Plaintiff Diane Tego was injured in an automobile accident in 1995. She suffered a traumatic brain injury in the accident, resulting in cognitive, behavioral, and emotional impairments, and requiring a lengthy recovery, the costs of which remain unpaid. (Doc. 11 at 5.)

On August 12, 2004, Ms. Tego filed a lawsuit in the Oakland County Circuit Court against her no-fault and primary insurers, Automobile Club Insurance of America ("ACIA") and Blue Cross and Blue Shield of Michigan ("BCBSM"), respectively, and her health care provider, St. John Hospital-Macomb ("St. John").  Ms. Tego sought "an Order to Show Cause against Defendants . . . as to why the medical expense incurred by the Plaintiff and arising out of the accident of June 25, 1995, remains outstanding . . . ."  She also asked the court to "declare Defendants' obligations as to said medical expense, and otherwise determine and declare the rights and responsibilities of the parties pursuant to their policies and the applicable law."  (Tego Compl. 12-13.)

Also on August 12, 2004, St. John filed a lawsuit in the Oakland County Circuit Court against both BCBSM and ACIA for payment of medical bills relating to the Diane Tego accident.  St. John did not name Ms. Tego as a defendant in that lawsuit.

Later in 2004, BCBSM removed both cases to federal court on the ground its potential liability is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.  BCBSM is the Plan Administrator for Ms. Tego's ERISA-governed benefit plan.  The two cases were consolidated in this Court.

On April 14, 2005, the Court issued a Scheduling Order for the consolidated cases.  The Order provided for limited discovery "on Administrative Record" to be completed by July 1, 2005, and for dispositive motions to be filed by August 1, 2005.

Ms. Tego filed a Motion for Summary Judgment on July 22, 2005.  She does not argue that any particular insurer is liable for her medical bills, and in fact she makes clear that she does not know who should pay her medical bills.  Ms. Tego simply argues that *she* should not be held liable:

2

> Diane Tego has incurred medical expenses because of this automobile accident from the St. John Health System. Under Michigan's No-Fault Automobile Insurance Act, her expenses must be paid by either her no-fault insurer or her health insurer. To the extent that there is a dispute between her insurers or between her insurers and St. John Health System, this dispute does not involve Ms. Tego and therefore it is requested that this Court declare the rights and duties of the parties as follows relative to the claims of Ms. Tego.

(Doc. 11 at 11.) While Ms. Tego's Motion discusses the Rule 56 procedures for summary judgment and the propriety of declaratory lawsuits such as hers, she avoids entirely the issue of whether the Court should affirm the ERISA Plan Administrator's decision to deny her claim for benefits.

On August 1, 2005, BCBSM filed a "Motion to Dismiss for Failure to Exhaust Administrative Remedies, or in the Alternative, to Affirm the Plan Administrator's Decision." BCBSM points out that ERISA provides its only potential liability in this case, and argues that Ms. Tego's claim against it fails for two reasons: Ms. Tego has failed to exhaust her administrative remedies, and the Plan Administrator's decision should be affirmed on the administrative record. On December 14, 2005, BCBSM filed a supplemental brief arguing that Plaintiff's mental health treatment was not covered under her insurance plan.

On December 15, 2005, the Court had yet to receive a single response to the two pending Motions to Dismiss. The Court ordered the parties to file required responsive pleadings. (Doc. 26.)

On December 16, ACIA filed a Response to BCBSM's Motion to Dismiss. ACIA states very simply that it "makes no response to this Motion in that it does not apply to this Defendant." (Doc. 27 at 2.) ACIA also filed a Response to Ms. Tego's Motion for Summary Judgment. There, ACIA argues that "until it is determined what Blue Cross has or should

3

have paid, there is no obligation on the part of [ACIA] to make any payment." (Doc. 28 at 7.) Essentially, ACIA argues that the claims against it are premature.

On December 19, BCBSM filed a Response to Ms. Tego's Motion for Summary Judgment, in which it incorporated by reference the arguments raised in its own Motion to Dismiss. (Doc. 31.)

Also on December 19, St. John made a number of filings.[1]  St. John argues that "Defendant ACIA is primarily responsible, at least in one sense, and that should govern whatever relief that Plaintiff Diane Tego is entitled to . . . ." (Doc. 33 at 4.)  In another filing, St. John elaborates:

> Now that [BCBSM] is taking the position that the treatment in question was not medically necessary, [St. John] will concede this point . . . . [St. John] respectfully requests that this Honorable Court enter the appropriate Order with respect to there being no BCBS coverage and remand this matter to the Oakland County Circuit Court relative to the remaining state claim involving the issue of whether or not [ACIA] owes payment of the medical benefits in light of there being no-coverage [sic] by BCBS regarding the bills in questions [sic].

(Doc. 35 at 5.)

Ms. Tego has yet to file a response to BCBSM's Motion for Summary Judgment. Moreover, because her own Motion for Summary Judgment is devoid of any legal argument as to ERISA, Ms. Tego has yet to take a position regarding the ERISA Plan Administrator's decision to deny her claim for benefits.

---

[1] Ms. Tego's original complaint was filed against a single St. John entity, but for reasons unclear to the Court, St. John briefly split into two different camps.  Attorney Joseph LaBella and attorney Bruce Pazner have each filed briefs on behalf of St. John regarding the same motions.  Whatever the reason for St. John's split, the two sets of counsel advance the same basic arguments, and appear to have since re-grouped into a single party.

4

Because BCBSM's liability pursuant to ERISA would relieve ACIA of liability (at least partly), ACIA indicated at a January 17 status conference that it wished to argue the ERISA issue on behalf of Ms. Tego. In subsequent filings, however, ACIA has reversed course entirely:

> It appears from Co-Defendant BCBSM's Motion and Brief that Plaintiff St. John Hospital/Macomb failed to comply with their contract. According to BCBSM a number of the mental health service claims were either never submitted or untimely submitted, or they were not provided with the complete medical records to verify whether the services met the intensity of service and severity of illness criteria. . . . Defendant ACIA supports Co-Defendant BCBSM's Motion to Dismiss for Failure to Exhaust Administrative Remedies.

(Doc. 37 at 7-8.) ACIA goes on to argue that because BCBSM is not liable under ERISA, ACIA is also not liable under Michigan law.

Slowly but surely, the parties are coming to agreement about the primary issue over which this Court has jurisdiction--BCBSM's liability under ERISA. Presumably, St. John, ACIA, and of course BCBSM itself would concur in a decision to affirm the ERISA Plan Administrator. The Court remains reluctant to agree for three reasons. First, the Court has not heard meaningful argument on the issue from anybody besides BCBSM. Second, BCBSM's briefs reach beyond the administrative record and argue issues unrelated to whether the Plan Administrator's denial of benefits should be affirmed. And finally, Ms. Tego has remained conspicuously silent throughout this litigation, though as the ERISA Plan Beneficiary with a claim against BCBSM, she is the party who should be arguing the issue. *See* 29 USC § 1132(a).

Perhaps BCBSM, ACIA, and St. John's are correct, and the Plan Administrator's decision should be affirmed. But as discussed above, the Court cannot rule on this issue

without meaningful argument, particularly from Ms. Tego. It appears that she may not wish to argue this point, but as the Plan Beneficiary with a claim against the Plan Administrator, she must. This issue has been pending for too long, and it must be resolved for this litigation to move forward. The Court will then address any remaining issues between the other parties and consider whether to remand this case to state court.

The Court hereby ORDERS as follows:

(1) The two pending Motions for Summary Judgment [11 & 13] are hereby DENIED without prejudice.

(2) Because summary judgment is not the appropriate standard for determining the ERISA issue in this case, BCBSM shall re-file its motion as a Motion to Affirm the Plan Administrator's Decision, pursuant to *Wilkins v. Baptist Healthcare System*, 150 F.3d 609, 619 (6th Cir. 1998). In this Motion, BCBSM shall address only the issues of whether (a) Ms. Tego's failure to exhaust her administrative remedies bars recovery, and (b) whether this Court should affirm the Plan Administrator's decision to deny Ms. Tego's claim for benefits. BCBSM shall provide the Court with any required documentation regarding the Plan procedures and shall provide the Court with the full administrative record, but shall avoid reference to any extraneous documents unrelated to the narrow issue now before the Court, such as letters between counsel and contracts between insurers.

(3) Because Ms. Tego's Motion for Summary Judgment requires resolution of whether she is entitled to benefits under ERISA, Ms. Tego shall respond to BCBSM's forthcoming Motion by fully addressing BCBSM's arguments that (a) her failure to exhaust her administrative remedies bars recovery, and (b) this Court should affirm the Plan Administrator's decision to deny Ms. Tego's claim for benefits. Pursuant to *Wilkins* and

related cases, Ms. Tego's Response shall refer specifically to the Plan procedures and the administrative record but shall avoid reference to any extraneous documents unrelated to the narrow issue now before the Court.  Ms. Tego may not simply ignore the ERISA issue as she has in the past; she must either contest BCBSM's arguments or she must explicitly concede these issues and voluntarily dismiss any claim for ERISA benefits against BCBSM.

    SO ORDERED.

                                     s/Nancy G. Edmunds
                                     Nancy G. Edmunds
                                     United States District Judge

Dated:  March 21, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2006, by electronic and/or ordinary mail.

                                   s/Carol A. Hemeyer
                                   Case Manager